**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.M. and K.M.**

**No. 22-0504** (Berkeley County 19-JA-39 and 19-JA-135)

**MEMORANDUM DECISION**

Petitioner Grandmother P.B.[1] appeals the Circuit Court of Berkeley County's June 6, 2022, order denying her permanent placement of S.M. and K.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The extended procedural history for this case is more fully laid out in petitioner's prior appeal. *In re S.M.*, No. 21-0148, 2022 WL 710262 (W. Va. Mar. 9, 2022)(memorandum decision). In short, in March of 2019, the DHHR initiated child abuse and neglect proceedings against the mother of S.M. and K.M., which led to her parental rights being terminated the following year. *Id.* at *1. Prior to termination, petitioner intervened as a party and "requested an Interstate Compact for the Placement of Children ("ICPC") home study for her home in Maryland so that she could be considered as a placement option." *Id.* Maryland child welfare services performed the home study in late 2020 but rejected petitioner as a placement, citing, among other things, her "failure to complete classes and provide necessary documentation, as well as . . . concerns with her inability to cope with recent trauma . . . [,] inability to recognize mental health needs for herself and the children, and . . . [in]ability to provide a stable living environment." *Id.* Due to the failed home study and the fact that "neither child knew petitioner was their grandmother," the court denied petitioner's motion for permanent placement. *Id.* at *2. Petitioner appealed that order and "later moved to remand the matter based on new evidence that Maryland child welfare services reversed its prior denial and was willing to complete another ICPC home study." *Id.* This Court granted her motion to remand and directed the circuit court to hold additional proceedings regarding the reopened home study. *Id.* Subsequently, Maryland child welfare services approved petitioner as a

---

[1]Petitioner appears by counsel Nancy A. Dalby. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Intervenor foster parents J.S.-1 and J.S.-2 appear by counsel William P. Young. Tracy Weese appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

permanent placement option for the children. *Id.* The court then held a permanency review hearing but, again, denied petitioner permanent placement. *Id.* Petitioner appealed, arguing that the court failed to make any findings regarding the application of the grandparent preference afforded under West Virginia Code § 49-4-114(a)(3), and this Court once again remanded the case, this time directing the court to "hold[] an evidentiary hearing to fully consider whether the grandparent preference should apply in light of petitioner's approved home study." *Id.* at *2-3.

After holding a new permanency review hearing on remand, the circuit court concluded that the best interests of the children outweighed the grandparent preference. In support, the court found that petitioner had not sufficiently addressed her own mental health difficulties and instability. Additionally, the court made multiple findings regarding the harm that would befall the children if they were removed from their current placement, noting that the children "should not be penalized with a disruption in placement caused largely, if not entirely, by" petitioner's delay in getting an approved home study. Importantly, the children had spent years bonding with their foster family and assimilating into their home.[3] In fact, the foster parents were the only parents K.M. had ever known. As such, the court found that removing K.M. from their care would cause the child irreparable psychological harm. Similarly, the court found that, because separating the children would not be in their best interests, the sibling preference required the children to remain together in their foster home. Lastly, the court found that the foster parents "ha[d] gone to great lengths to educate themselves on, and learn to meet, the special needs of the[] children (particularly [S.M. who is non-verbal with autism])," which put the children on track for success. Based on these findings, the court concluded that placement with the foster family was in the children's best interests and, therefore, denied petitioner placement. It is from that order that petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner challenges the circuit court's order denying her placement, emphasizing the importance of the grandparent preference provided for under West Virginia Code § 49-4-114(a)(3), which states,

> [f]or purposes of any placement of a child for adoption by the department, the department shall first consider the suitability and willingness of any known grandparent or grandparents to adopt the child. Once grandparents who are interested in adopting the child have been identified, the department shall conduct a home study evaluation, including home visits and individual interviews by a licensed social worker. If the department determines, based on the home study evaluation, that the grandparents would be suitable adoptive parents, it shall assure that the grandparents are offered the placement of the child prior to the consideration of any other prospective adoptive parents.

We find no error. As we have previously explained, this statute "contemplates that placement with grandparents is presumptively in the best interests of the child, [but] the preference

---

[3]Notably, S.M. was placed with the foster family in March of 2019, and K.M. was placed there in November of 2019, a few weeks after his birth.

for grandparent placement may be overcome only where the record viewed in its entirety establishes that such placement is not in the best interests of the child." Syl. Pt. 4, in part, *Napoleon S. v. Walker*, 217 W. Va. 254, 617 S.E.2d 801 (2005); *see also In re Elizabeth F.* 225 W. Va. 780, 786, 696 S.E.2d 296, 302 ("[A]doptive placement of the subject child with his/her grandparents must serve the child's best interests. Absent such a finding, adoptive placement with the child's grandparents is not proper."). Here, the circuit court found that placement with petitioner was not in the children's best interests due, in part, to ongoing concerns regarding her ability to provide a stable home for the children. In contrast, the foster parents formed a strong bond with the children and demonstrated a capacity to provide for their needs, including the special needs of S.M. who is autistic and non-verbal. Further, S.M. has lived with the foster family for nearly half her life, and K.M., who was placed there mere weeks after his birth, has known no other home. Accordingly, the court found that removal would cause irreparable psychological harm to the children.

Petitioner does not dispute this. Instead, petitioner argues that the statutory policy preference for grandparent adoption should apply despite the court's best interest determination given the DHHR's purported delay in facilitating the home study approval process, which ultimately resulted in the children's extended foster care stay. In support, petitioner attempts to liken this case to *In re J.P.*, in which this Court reversed the lower court's order denying the grandfather permanent placement, reasoning that the DHHR and its out-of-state counterpart bore sole responsibility for any delays. *In re J.P.*, 243 W. Va. 394, 402, 844 S.E.2d 165, 173 (2020). However, petitioner's argument is without merit as she ignores the fact that the circuit court expressly found that her failure to timely comply with various aspects of the home study, coupled with her chaotic living situation and personal disorganization, delayed the process. Accordingly, petitioner is entitled to no relief in this regard. *See In re Aaron H.*, 229 W. Va. 677, 682, 735 S.E.2d 274, 279 (2012) (denying the grandfather permanent placement given his failure to timely complete the home study process and the length of time the child lived with his foster family).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 6, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn